### BARRETT CO. v. SELDEN CO.
### No. 1781.

District Court, W. D. Pennsylvania.
Aug. 17, 1929.

For former opinion, see 32 F.(2d) 360.
See, also, 48 F.(2d) 620.

R. T. M. McCready of Pittsburgh, Pa., and Pennie, Davis, Marvin & Edmonds, W.

B. Morton, and R. B. Canfield, all of New York City, for plaintiff.

Alter, Wright & Barron, George E. Alter, and R. A. Norton, all of Pittsburgh, Pa., and Newell & Spencer, of New York City, for defendant.

GIBSON, District Judge.

On February 27, 1929, this court filed an opinion, 32 F.(2d) 360, wherein Downs patent, No. 1,604,739, for an improvement in apparatus for promoting catalytic reactions, was held to be valid and infringed by the defendant company. Subsequent to the filing of said opinion, counsel for the defendant filed a petition for a rehearing. After notice to the plaintiff's counsel, argument was had upon this petition wherein the matters set forth therein, as well as the issues of the case, were discussed at considerable length. Briefs were furnished by counsel for both parties.

The petition contains some eight assignments of reasons for the rehearing sought.

The first reason assigned in substance alleges that the court, in its opinion, discloses a misunderstanding of the construction and mode of operation of a Volhard petroleum furnace as operated by Henle, one of the anticipations of plaintiff's patent claimed in defendant's answer. Re-examination of the matter has not satisfied the court that it failed to understand the action of the Henle apparatus. The court, in describing the Volhard oven as used by Henle, mentioned an iron tube surrounding the glass tube wherein the catalyst is contained. The defendant asserts that this iron tube was not an essential part of Henle's operation of the Volhard oven. In the Henle publication reference was made to an Annalen article describing the Volhard apparatus. This article, offered in connection with the Henle publication, incorporates an iron tube in the Volhard apparatus. But whether the iron tube be included or not was immaterial in so far as concerned the point which the court was attempting to make in respect to the Henle apparatus; that is, that no means were disclosed for the rapid transmission of heat from the catalyst to the kerosene bath.

The second reason assigned for a rehearing asserts that the conclusions reached in the opinion are based upon the state of the art in the year 1909, instead of being based on the state of the art in the year 1919, when the alleged invention of the patent in suit was made. The allegation in respect to the basis of the conclusions in the opinion is

quite without foundation in fact, and this, it would seem, might easily have been discerned by an examination of the whole opinion instead of picking out a single sentence and disassociating it from the rest of the opinion. This sentence was as follows: "Not to continue the enumeration of points of difference, in our judgment no chemical engineer in 1909 (the approximate date of the Henle article), without the exercise of invention, would have been able to construct any commercial apparatus for highly exothermic catalytic reactions which was based upon the principles of the Downs converter." In this language we possibly did not clearly set forth our idea. What we were endeavoring to assert was that no chemical engineer possessed of a knowledge of the state of the art prior to 1909 would have been able, by means of the information furnished by the Henle article, to have constructed a converter based upon the principles of the Downs patent. If this language was unfortunate, it should have been clarified, it seems to us, by the fact that the opinion discussed all other anticipations offered in evidence either as anticipations pleaded in the answer or as showing the state of the art at the time of the date of the alleged invention.

It is unnecessary to discuss the remaining reasons set forth in the petition for a rehearing. They bring up nothing which was not fully argued and considered at the time the original opinion was filed. A reconsideration of them—and we have endeavored to give them a careful reconsideration—has not brought any change in the conclusions first set forth.

The motion for a rehearing will be denied.